IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTOINE DEMONE STEPHENS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:11-CV-565-Y |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Antoine Demone Stephens, TDCJ # 01419836, is a state prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On February 15, 2007, petitioner was convicted of murder in the 213th District Court of Tarrant County, Texas, and sentenced to sixty years' confinement. (State Habeas R. at 74) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 21, 2008. (*Id.* at 81) The Texas Court of Criminal Appeals granted petitioner an extension of time to file a petition for discretionary review (PDR) through May 23, 2008. (Resp't Preliminary Resp., Ex. A) Petitioner filed his PDR on June 9, 2008, and the petition was dismissed by the Texas Court of Criminal Appeals as untimely on July 23, 2008. (COA Docket Sheet, Event Dates 6/9/2008 and 7/23/2008)

On May 22, 2008, petitioner filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on July 13, 2011. (State Habeas R. at cover) This federal petition challenging the same conviction is deemed filed on August 11, 2011. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). As ordered, respondent has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

## D. Issues

Petitioner raises three grounds for habeas relief asserting he received ineffective assistance of trial and appellate counsel. (Pet. at 7)

## E. Statute of Limitations

Respondent argues that the petition should be dismissed with prejudice as barred by the statute of limitations. (Resp't Preliminary Resp. at 5-8) 28 U.S.C. § 2244(d) imposes a one-year

statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review. For purposes of this provision, petitioner asserts his PDR was placed in the prison mailing system on or before May 20, 2008, and was therefore timely. As such, he urges the judgment did not become final until 90 days after the Texas Court of

3

Criminal Appeals dismissed his PDR as untimely– *i.e.*, the period within which he had to file a petition for writ of certiorari in the United States Supreme Court.

The record reflects petitioner mistakenly sent his PDR to the Texas Court of Criminal Appeals. (Pet'r Traverse at 3) He asserts that under former Rule 68.3 of the Texas Rules of Appellate Procedure, he was required to file his PDR with the clerk of the court of appeals, which would then have forwarded it to the Texas Court of Criminal Appeals.[1] TEX. R. APP. P. 68.3. Because he sent his PDR to the Texas Court of Criminal Appeals, not the clerk of the court of appeals, as was required by former Rule 68.3, his PDR was not filed in the court of appeals until June 9, 2008, after the deadline had expired.

Although direct review and the time for seeking such review includes a petition for writ of certiorari to the Supreme Court, where, as here, a defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In other words, where a prisoner does not timely file a PDR despite an extension of time to do so, the underlying state conviction becomes final for limitations purposes on the date the PDR was due. *Bail v. Quarterman*, No. 3-04-CV-1401-P, 2006 WL 2216612, at *2 (N.D.Tex. Aug.3, 2006), COA denied, No. 06-10907 (5th Cir. Apr. 17, 2007). Thus, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that he had for filing a PDR in the Texas Court of Criminal Appeals on May 23, 2008, and closed on May 23, 2009, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Jimenez*, 555 U.S. at 121.

---

[1] Petitioner asserts the rule has since been amended to require filing with the clerk of the Texas Court of Criminal Appeals.

4

Petitioner's state habeas application, filed on May 22, 2009, one day before the limitations period expired, operated to toll the limitations period under § 2244(d)(2) through July 13, 2011, when the petition was denied by the Texas Court of Criminal Appeals. Thus, it was necessary for petitioner to file his federal petition on or before July 15, 2011, to be timely. Petitioner's petition filed on August 11, 2011, is thereby untimely, unless he is entitled to equitable tolling of the statute of limitations. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560-62 (2010).

Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Petitioner has not demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Lack of knowledge of filing rules or deadlines does not justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Nor does petitioner allege, much less provide proof, that the state was somehow responsible for his error in sending his PDR to the wrong court.

Petitioner's federal petition was due on or before July 15, 2011, and his petition filed on August 11, 2011, is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.


### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 9, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 9, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November __18__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE